295 P.2d 829

Peter G. CONDAS et al., Plaintiffs and
Appellants,

v.

BOARD OF SALT LAKE COUNTY COM-
MISSIONERS et al., Defendants
and Respondents.

No. 8354.

Supreme Court of Utah.

April 11, 1956.

H. G. Metos, Lee N. Taylor, Salt Lake City, for appellants.

Frank E. Moss, County Atty., Salt Lake City, for respondents.

WADE, Justice.

This is an appeal from a decision of the District Court by the plaintiffs, the appellants herein, in an action brought under the Declaratory Judgment Act to construe the validity of 4–3–1(g) (3) of the Revised Ordinances of Salt Lake County, 1953. The District Court ruled that the ordinance prohibits dancing on premises where beer is sold.

It was stipulated that the appellants herein are the owners and, or operators of tavern establishments in Salt Lake County in which beer is sold and dancing allowed as an incidental part of the business; that between $1,000,000 and $1,500,000 have been invested in the properties in furnishings, fixtures and equipment to make them suitable for the type of business involved; that these establishments have been conducted since 1937 in about the same manner in which they are currently operating and have been licensed to sell beer since that time and have been licensed as cabarets since 1953 without interference or complaint from respondents herein because dancing was being permitted on premises where beer was being sold until about January, 1955.

It is appellants' contention that 4–3–1(g) (3) of the Revised Ordinances of Salt Lake County, 1953, is invalid because it is ambiguous and uncertain and it cannot be ascertained therefrom what acts are forbidden. It is further contended that it was not intended to apply to the type of establishments operated by appellants because they were also licensed as cabarets and were led to believe, by failure of the County Commission to interfere or complain about dancing being permitted where beer was licensed to be sold, that it was permissible to do so. They argue that this was an administrative interpretation and should be considered in determining the intent of the legislative body, the County Commission, which passed the ordinance which is also the body which has the power to supervise all county officers, including those who would necessarily have to administer the act. Respondents agree that where an act

is uncertain or ambiguous it is proper to take into consideration administrative interpretation of such act but argue that 4–3–1(g) (3) is neither uncertain nor ambiguous and therefore the rule of construction contended for by appellants is not applicable here. With this we agree. It should be noted that Title 4 pertains to "Police Regulation" and Chapter 3 thereof to "Beer." 4–3–1 of Revised Ordinances of Salt Lake County, 1953 deals with definitions, which so far as applicable to this case reads:

"The following words and phrases used in this ordinance shall have the following meaning unless a different meaning clearly appears from the context:

"(f) Licensed Premises.

" 'Licensed Premises' means any room, house, building, structure or place occupied by any person licensed to sell beer under this act: provided, that in any hotel or other business, establishment an applicant for license may designate a room or portion of a building of such business for the sale of beer, which portion so specifically designated in the application for a license, and the license issued, shall be licensed premises.

"(g) Nuisance.

" 'Nuisance' means any room, house, building, structure or place of licensed premises where:

(3) Dancing is permitted on licensed premises, or by the licensee of any licensed premises in any place in such building or adjacent thereto for the purpose of serving beer to the patrons of such dance; * * *"

[Under subsection (g) six different acts including the one quoted above are defined as constituting a nuisance for the purposes of this Ordinance.] From the usual and ordinary meaning given to the words and terms used in the above quoted sections, it is clear even to a layman that one of the acts defined in this ordinance as being a "nuisance" is any place where beer may be sold and for the purpose of selling beer the patrons are permitted to dance therein. Any "nuisance" as defined by this ordinance is unlawful. See 4–3–16. It being made plain by the ordinance that any act which is defined therein as being a nuisance is unlawful, the violators thereof are left in no doubt as to the effect of such violation. First, 4–3–9 provides that the beer license may be revoked as provided in Title 7, Chapter 7, Section 2 of the ordinances where the "licensed premises has become a nuisance as defined by County Ordinances" and secondly, Title 1, Chapter 1, Section 6 provides what the penalty for the violation of the ordinance can be. It reads:

"When no other penalty is prescribed [and none is prescribed for a violation of Title 4, Chapter 3] any person convicted of violating any provision or provisions of any ordinance included

in these Revised Ordinances, or ordinances thereafter enacted, shall be deemed guilty of a misdemeanor, and punished by imprisonment in the county jail not exceeding six months, or by a fine in any sum less than $300.00, or both, except that in all cases where a corporation is convicted of an offense for the commission of which a natural person would be punishable as for a misdemeanor, and there is no other punishment prescribed by ordinance, such corporation is punishable by a fine not exceeding $1000.00."

█ The fact that appellants were also issued licenses to operate cabarets on premises where food and drink may be prepared and served where dancing may be allowed does not tend to make uncertain the provisions of Title 4, Chapter 3, relating to the sale of beer. Although beer might be classified as either food or drink and cabarets as defined are places "where food and drink is prepared, served or offered for sale or sold for human consumption on or off the premises, and whose patrons may be entertained by performers who sing or dance or perform theatrical acts," see Salt Lake County Ordinances, 1953, 7-8-7, it cannot be contended that this necessarily permits dancing by patrons, nor does it follow that because beer is a food or drink it may be sold or served in cabarets. The only places where beer may be sold are those licensed to do so. It is a class of food or drink for which a special permit to dispense is required. The possessor of a cabaret license could not lawfully dispense beer any more than a grocery store licensee could do so without first obtaining a license for that purpose. The fact that appellants have licenses to both sell beer and operate cabarets means that they can do both provided they comply with the provisions of the ordinances pertaining to both. If the ordinances make it impossible for them to take advantage of both licenses on the same premises even though the Commission issued licenses for both activities, its doing so cannot change the clear mandate of the ordinances. The holders of the licenses can only act in a manner authorized by the ordinances. The District Court therefore did not err in upholding the validity of the ordinances prohibiting dancing on premises where beer is sold.

Affirmed.

McDONOUGH, C. J., and CROCKETT, J., concur.

WORTHEN, Justice (concurring).

I concur in the opinion of Mr. Justice WADE but make this further comment.

Plaintiffs contend that because they have been duly licensed and have operated without interference or complaint from the defendants and have built up a profitable business under the hands off policy, that sustaining the validity of the ordinance in question would cause great hardship and damage.

The situation here presented is not materially different from one which we would face had plaintiffs operated the businesses affected for the past 19 years with no ordinance regulating or prohibiting the same.

Under such circumstances plaintiffs could not be heard to complain that they had expended large sums of money under the belief and expectation that no ordinance would be enacted to interfere with their businesses.

Every man who engages in a business which is considered as questionable and which to a greater or less degree violates the social and moral standards espoused by a substantial part of society must do so faced with the possibility that the operation of such business is not one of absolute right, but one permitted and tolerated with some reservation.

It cannot be the law that one who does an act or conducts a business which at any and all times is questionable may not, when said act is declared to be an offense, or the operation of said business is declared to be a nuisance and illegal, set up as a defense the claim or assertion that he believed the act legal or the business not subject to regulation or prohibition. The protection of the public cannot be defeated by the defense that public officers having permitted us to carry on the business as one not objectionable are estopped from enforcing a law making it illegal, provided always that the ordinance prohibiting the business is legal.

HENRIOD, J., does not participate.